

FILED

2015 MAY 28  AM 8: 30

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: KABA SIMPLEX LOCKS MARKETING AND SALES PRACTICES LITIGATION | )<br>)<br>)<br>) | MDL No. 2220 |

IN RE: KABA SIMPLEX LOCKS MARKETING AND SALES PRACTICES LITIGATION ) MDL No. 2220
)
) Case No. 11-md-02220
)
) Judge  Donald C. Nugent
)
This Document Relates to: **ALL CASES** ) **AMENDED ORDER AND FINAL**
) **JUDGMENT GRANTING FINAL**
) **APPROVAL OF CLASS ACTION**
) **SETTLEMENT, APPROVAL OF**
) **AGREED UPON ATTORNEY FEES,**
) **AND INCENTIVE PAYMENTS TO**
) **CLASS REPRESENTATIVES**
)

Named Plaintiffs in this Consolidated Action, on behalf of themselves and each of the Settlement Class Members, initiated this Litigation against the Defendants, KABA Ilco Corp., KABA Corporation, KABA Finance Corporation, KABA Benzing America, KABA U.S. Holding Ltd., KABA Delaware, LLC, KABA, AG, KABA Holding AG (collectively, "KABA"), in the United States District Court for the Northern District of Ohio. A number of other similar lawsuits were filed against the Defendants in various United States District Courts between November 29, 2010 and August 21, 2012.  Those lawsuits were consolidated by the Judicial Panel on Multi-District Litigation, as case number MDL 2220 and transferred to the Honorable Donald C. Nugent.  Those lawsuits were consolidated into the Multi-District Litigation, and are referred to in this Order as "the Litigation."

On November 24, 2014, Plaintiffs and KABA (hereinafter the Settling Parties) filed a Joint Motion for Preliminary Approval of Class Action Settlement. This Honorable Court issued

1

an order on November 24, 2014 preliminarily approving the class action settlement and setting

May 14, 2015 (which was later changed to May 19, 2015) for a final fairness hearing.

Subsequently, notice of the Class Action Settlement was published in accordance with

the Court Preliminary Approval Order. This Court finds that such notice fully satisfied the

requirements of the Federal Rules of Civil Procedure, due process and applicable law.

Having received no objections filed to the Class Action Settlement, this matter is now

before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement, Approval

of Agreed Upon Counsel Fees and Incentive Payments to Class Representatives (hereinafter, the

Motion for Final Approval). KABA does not oppose the Motion for Final Approval.

This Final Approval Order and Judgement incorporates by reference the definitions in the

Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the

Settlement Agreement, unless otherwise defined in this Order.

Having reviewed the Motion for Final Approval and after conducting the fairness hearing

on May 19, 2015 with counsel for the Settling Parties, and being fully advised:

IT IS HEREBY ORDERED:

1.      This Court has both subject matter jurisdiction over the Litigation and, for

purposes of this Settlement only, personal jurisdiction as to all Parties before it.

2.      The Parties have made a sufficient showing, under the provisions of Rule 23 of

the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, that the

class action is certified, for purposes of settlement, in the following two settlement classes:

> (i)      The first subclass consists of all non-governmental individuals and
> entities in the United States who use or own a Simplex or Unican Model/Series
> 1000, L 1000, 2000, 3000, 6200, 7000, 7100, 8000 or File Guard mechanical
> pushbutton lock manufactured before January 1, 2011, or purchased before it
> was upgraded to deter magnetic manipulation.  This group will be referred to as
> the "End-User Class;"

2

(ii)   The second subclass consists of all locksmiths in the United States who purchased for resale a Simplex or Unican Model/Series 1000, L1000, 2000, 3000, 6200, 7000, 7100, 8000 or File Guard mechanical pushbutton lock manufactured before January 1, 2011, or which was not upgraded to deter magnetic manipulation.  This group will be referred to as the "Locksmith Class;"

Excluded from either of these subclasses are: (1) any Defendant, any entity in which any Defendant has a controlling interest, and its legal representatives. officers, directors, employees, assigns, and successors; (2) persons or entities that distribute or sell the subject Locks; (3) Class Counsel; (4) claims for personal injury and wrongful death; (5) persons who validly and timely exclude themselves from the Settlement Class; (6) persons who have settled with and released Defendants from individual claims substantially similar to those alleged in the Litigation: and (7) the Honorable Donald C. Nugent.

3.   Rule 23 of the federal rules of civil procedure permits certification of a class action for settlement purposes. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). To certify a class action, a district court must find that the class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and fits into one of the three categories in Rule 23(b). Under Rule 23(a), a class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation. In addition, the requirements of Rule 23(b)(3), superiority and predominance, must also be satisfy. A district court's order as to class certification is reviewed for abuse of discretion. *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006).

## A.    The Requirements of Rules 23(a) are Satisfied

3.1.   Rule 23(a) permits an action to be maintained as a class action if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Here, the class numbers in the thousands; the issues with respect to the alleged defectiveness of the design of the locks and Plaintiffs' claims are common to the claims of all members of the class; the claims of the Plaintiffs arise from the same facts and are based on the same legal theory as the claims of all members of the settlement class and thus are typical of the claims of the settlement class; and the Plaintiffs and their counsel, who have extensive experience in class action and consumer litigation, will fairly and adequately represent the class.

3.2.    Numerosity.  The settlement class consists of several thousand class members who fall within the class definitions. Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all persons is impracticable. Fed. R. Civ. P. 23(a)(1).  There is no threshold at which joinder becomes per se impracticable. *George v. Kraft Foods Global, Inc.*, No. 08 C 3799, 2010 U.S. Dist. LEXIS 89313, 2010 WL 3386402, at *7 (N.D. Ill. Aug. 25, 2010).  Generally, however, a class of forty plaintiffs is sufficiently numerous for Rule 23(a) purposes. *Id.*; *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *Hampe v. Hamos*, 2010 U.S. Dist. LEXIS 125858 (N.D. Ill. Nov. 22, 2010).  The size of the class is sufficient to satisfy the Numerosity requirement of Rule 23(a)(1).

3.3.    Commonality.  All members of the class suffered from the same underlying operative event – they purchased locks with an allegedly defective design, which Plaintiffs claim may eventually fail.  Rule 23(a)(2) is satisfied when there are questions of law or fact that are common to the class.  This provision is neither exacting nor difficult to satisfy.  "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule

23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The claims of the Class arise from such a "common nucleus of operative fact." *Id.*

 3.4. <u>Typicality</u>. For the same reasons that the operative events underlying the claims of the class are common, they are typical. The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality. *Rosario*, 963 F.2d at 1018. A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993); H. Newberg, CLASS ACTIONS § 1115(b) at 185 (1977). Typicality can be satisfied even where there are factual distinctions between the named plaintiff's claim and the claims of other class members. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). The requirement directs the court to focus on whether the named representative's claims have the same essential characteristics as the claims of the class at large. *Id.*

 3.5. <u>Adequacy of Representation</u>. The fourth and final Rule 23(a) consideration requires that the class representatives be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether the class representatives will "fairly and adequately protect the interests of the class" under Rule 23(a)(4), the Sixth Circuit requires: "'1) [T]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Am. Med. Sys., Inc.*, 75 **F.3d 1069**, 1083 (6th Cir. 1996) (quoting *Senter v. Gen. Motors Corp.*, **532 F.2d 511**, 525 (6th Cir. 1976)). In addition, we "review[] the adequacy of class representation to determine whether class counsel are qualified, experienced

and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider*, **228 F.3d 709**, 717 (6th Cir. 2000) (citation omitted). Finally, "'[o]nly when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate.'" *Gooch v. Life Investors Ins. Co. of Am.*, **672 F.3d 402**, 431 (6th Cir. 2012) (quoting *Pasternak v. Colonial Equities Corp./U.S.A.*, No. H-90-829 (JAC), 1993 WL 306526, at *5 (D. Conn. Feb. 10, 1993)). Plaintiffs' claims are not antagonistic to, nor do they conflict with the class. To the contrary – Plaintiffs have represented the class cooperatively and effectively from the stages of initial investigation through the course of the litigation. Further, Class Counsel have vast experience litigating and settling class action and consumer protection claims across the country, and have negotiated this settlement vigorously with the interests of the class as a whole in mind. Class Counsel all have extensive experience litigating class action lawsuits including recoveries in state and federal courts ranging from several hundred thousand dollars to hundreds of millions of dollars. Additionally, Class Counsel has been appointed by numerous federal courts including in this District, adjoining Districts and from coast to coast.

### B.    The Requirements of Rule 23(b)(3) are Satisfied.

3.6.    Once it is determined that the proposed class satisfies Rule 23(a), a class should be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

3.7     Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy.  Both requirements are met in the present case.  The central, common question is whether the locks are defective.  That question dominates over any other issue in the present litigation.  A class action is a far superior method for the adjudication of the present controversy because it will serve to preserve judicial resources and prevent inconsistent verdicts from being rendered in various states and jurisdictions across the country and insure that individuals receive relief from the Defendants where they otherwise would be hesitant to bring a solo action.  Further, given the relatively small economic harm suffered by each individual, a class action represents a superior method for the adjudication of this controversy.  Here, because questions of law or fact common to the class clearly predominate over any individualized questions, and a class action is manifestly the superior method of adjudicating this controversy, the requirements of Rule 23(b)(3) are satisfied, and the class should be certified.

3.8.    Accordingly, the settlement renders a class action superior to other potential avenues of recovery for the settlement class. In sum, the requirements of Rule 23(b)(3) are satisfied and certification of the proposed Settlement Class is appropriate.

4.      The Settlement Agreement is fair, reasonable and adequate.

4.1.    Before a district court approves a settlement, the court must find that the settlement is "'fair, reasonable, and adequate.'" *UAW v. Gen. Motors Corp.*, **497 F.3d 615**, 631 (6th Cir. 2007) (quoting Fed.R.Civ.P. 23(e)(1)(C)). A district court's approval of a settlement "'is discretionary . . . and will be overturned only by a showing of abuse of discretion.'" *Robinson v.*

7

*Shelby Cnty. Bd. of Educ.*, **566 F.3d 642**, 647 (6th Cir. 2009) (quoting *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, **803 F.2d 878**, 880 (6th Cir. 1986)). An abuse of discretion occurs when the court "'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Jones v. Ill. Cent. R.R. Co.*, **617 F.3d 843**, 850 (6th Cir. 2010) (quoting *In re Ferro Corp. Derivative Litig.*, **511 F.3d 611**, 623 (6th Cir. 2008)).

4.2.    A district court looks to seven factors in determining whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631. When we review a proposed class action settlement, we grant the district court "wide discretion in assessing the weight and applicability" of the relevant factors. *Granada Invs., Inc. v. DWG Corp.*, **962 F.2d 1203**, 1205-06 (6th Cir. 1992). We have held that we "cannot 'judge the fairness of a proposed compromise' without 'weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.'" *UAW*, 497 F.3d at 631 (quoting *Carson v. Am. Brands, Inc.*, **450 U.S. 79**, 88 n.14 (1981)).

4.3.    This Court amends the definition of the term "Released Claims" in the settlement Agreement as follows: the definition of the "Released Claims," as that term is defined in the Settlement Agreement, "means any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from

8

existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that Plaintiff or Settlement Class Member has or may have against the Released Persons (defined below) arising out of or related in any way to the subject matter of the Litigation, *not including claims for personal injury or wrongful death.*" (Emphasis supplied.) However, the published notice stated that the release does not include claims for "personal injuries or *property damage* suffered as a result of the allegedly improper design and marketing of the lock." (Emphasis supplied.) Following publishing of the notice, Plaintiffs' counsel and Defendants' counsel represented to this Court that they have conferred and agreed that the Final Settlement Agreement release should be interpreted and read as to exclude from the release claims for "personal injury, wrongful death and property damage suffered as a result of the allegedly improper design and marketing of the lock."

4.5.    This Court has considered the seven factors stated above and determined that consideration of each factors weighs in favor of approving the Class Action Settlement as fair, reasonable, and adequate.

5.    This Court hereby finds and hereby awards Plaintiff's Class Counsel Attorneys' Fees, Costs and All Other Expenses, in the amount of $1,300,000.00 in Attorney's Fees, and $181,381.20 in Costs and All Other Expenses.

5.1.    As stated by the U.S. Supreme Court, "this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself

or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, **444 U.S. 472**, 478 (1980). Such an award may be based "on a percentage of the fund bestowed on the class." *Blum v. Stenson*, **465 U.S. 900** n. 16 (1984). The rationale for such an award is "the equitable notion that those who benefit from the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Public Power Supply System Sec. Litig.*, **19 F.3d 1291**, 1300 (9th Cir. 1994). This "common fund doctrine" has been recognized by the Sixth Circuit. See *Rawlings v. Prudential-Bache Properties, Inc.*, **9 F.3d 513**, 516 (6th Cir. 1993) ("In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances.").

5.2.    In considering the reasonableness of a fee award, the Court has considered the following six factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, **508 F.2d 1188**, 1196 (6th Cir. 1974).

5.3.    Defendants do not oppose, and will not encourage or assist any third party in opposing the request for attorney fees and costs.

6.      This Court further awards incentive payments to Plaintiff Yeshai Kutoff in the amount of $5,000 and to the other 23 class representatives in the amount of $500 each.

7.      Except as set forth in the Settlement Agreement, without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and this settlement, as described in the Settlement Agreement.

8.      Accordingly, all claims currently pending in this case are hereby dismissed with prejudice on the merits.  This order constitutes a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  All Settlement Class Members are hereby deemed to be bound by this Order and Final Judgment.

IT IS SO ORDERED.

DATED: May **26** , 2015.


_____
Judge Donald C. Nugent